**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| WASEEM DAKER, | :: | CIVIL ACTION NO. |
| Petitioner, | :: | 1:10-CV-00552-RWS-ECS |
| | :: | |
| v. | :: | |
| | :: | |
| NEIL WARREN, | :: | HABEAS CORPUS |
| Respondent. | :: | 28 U.S.C. § 2241 |

## <u>ORDER</u>

Now before the Court is Waseem Daker's Rule 59(e) Motion to Amend and Vacate Judgment [14], docketed on August 9, 2010, i.e. – as Fed. R. Civ. P. 59(e) requires – within twenty-eight days of the Court's July 12 Order [10] and Judgment [11] dismissing Daker's habeas petition due to his failure to exhaust state remedies.

A Rule 59(e) motion for reconsideration is appropriate only in light of "(1) newly discovered evidence, (2) an intervening development or change in controlling law, or (3) the need to correct a clear error or prevent manifest injustice." <u>Jersawitz v. People TV</u>, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999) (Moye, J.) (noting that "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court could have done it better the first time") (internal quotations omitted). <u>See also</u> <u>United States v. Battle</u>, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003) (Evans, J.) (noting, in § 2255 context, same "three primary grounds for

reconsideration of a judgment," and stating that movant "must demonstrate why the court should reconsider its decision and [must] set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision") (internal quotations omitted).

In his motion, Daker argues that this Court should hold his habeas petition in abeyance under <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), rather than dismiss it. Daker's underlying claim is that he has been detained in violation of his constitutional rights, for seven months now, pending his murder trial in the Superior Court of Cobb County. He argues that he will waste much valuable time if he is required to file a new federal habeas petition once he has properly exhausted his state remedies. (Rule 59(e) Mot. at 1-3.)

Daker does not refer in his motion to newly discovered evidence or an intervening change in the controlling caselaw, so he ostensibly bases his motion on "the need to correct a clear error or prevent manifest injustice." <u>See</u> <u>Jersawitz</u>, 71 F. Supp. 2d at 1344. However, when a federal habeas petitioner has failed to exhaust his state remedies with respect to his only federal claim for relief, he is not entitled to the "stay and abeyance" procedure outlined in <u>Rhines,</u> which only applies to a "mixed" petition – one containing both exhausted and unexhausted claims. <u>See, e.g.,</u> <u>Thompson</u>

2

AO 72A
(Rev.8/8
2)

v. Sec'y for the Dep't of Corr., 425 F.3d 1364, 1365 (11th Cir. 2005) (noting that Supreme Court stated in Rhines that "district courts may order a stay and abeyance of mixed petitions 'in limited circumstances'"). See also Rhines, 544 U.S. at 277 (stating that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court"). Because Daker has not filed a mixed petition, he is not entitled to a stay of this habeas corpus action under Rhines. In addition, Daker has not shown good cause for his failure to exhaust his state remedies. If he promptly files another federal habeas petition, along with the five dollar filing fee, once his state remedies are exhausted, he will have lost little if any time in pursuing federal habeas relief.

In short, Daker has not "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Battle, 272 F. Supp. 2d at 1357. His Rule 59(e) Motion to Amend and Vacate Judgment [14] is **DENIED**.

**IT IS SO ORDERED**, this  17th  day of September, 2010.

**RICHARD W. STORY**
United States District Judge

3

AO 72A
(Rev.8/8
2)